IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20977
Summary Calendar
_____

MICHAEL A. MCCANN,

                                        Plaintiff-Appellant,

versus

COUNTY OF BRAZORIA, Texas;
JACK PATTERSON, Commissioner;
JACK HARRIS, Commissioner; DAVID HEAD,
Commissioner; JIMMY CLAWSON, Commissioner;
JOHN WILLY, Judge, Commissioner's
Court, Brazoria County Courthouse; MIKE LOPEZ,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-370
--------------------

November 3, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

    Michael A. McCann appeals the district court's summary-
judgment dismissal of his civil rights lawsuit against Brazoria
County, Texas, Deputy Sheriff Mike Lopez.  McCann does not
challenge the district court's determination that it was not
unreasonable for Lopez to have conducted a strip search based on
the facts as pleaded by McCann, nor does he contend that summary

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judgment was error. Accordingly, those arguments are waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned); Fed. R. App. P. 28(a). McCann has also waived the argument that the district court violated his due-process rights because the argument is inadequately briefed. See id.; blue brief, 5-6.

McCann's contention that the district court judge erred in refusing to grant his motion for recusal is without merit because he has not identified any extrajudicial bias on the district court's part. See United States v. MMR Corp., 954 F.2d 1040, 1044-46 (5th Cir. 1992); Levitt v. University of Texas at El Paso, 847 F.2d 221, 226 (5th Cir. 1988). McCann also argues that the district court erred in refusing to hold an evidentiary hearing on the recusal motion, but he is incorrect: the district court in fact held a hearing on the motion.

McCann additionally argues that Brazoria County tampered with its strip-search records and that Lopez perjured himself. To the extent that McCann complains that Brazoria County attempted to evade a lawsuit by hiding Lopez's identity, the argument is irrelevant. Brazoria County is no longer a party to this lawsuit, and, even if it is assumed that Brazoria County was not forthcoming regarding Lopez's identity, the question is moot because McCann discovered Lopez's identity and was able to file the present lawsuit against him in a timely manner. McCann's conclusional argument that Lopez perjured himself is insufficient to withstand summary judgment. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

AFFIRMED.